UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METRO PUBLISHING GROUP, INC. and MICHAEL C. WILLIAMS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:15-CV-1886-CEJ<br>) |
| JAMES W. MURPHY, in his official capacity as Sheriff of the City of St. Louis, Missouri, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the motions of defendants James W. Murphy and I.B. Property, LLC to dismiss plaintiffs' second amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Also before the court is the motion of defendant Michael E. Boyd to dismiss Counts I and II of the second amended complaint. Plaintiffs have not responded to the motions, and the time permitted for doing so has expired.

### I. Background

According to the second amended complaint, plaintiffs Michael C. Williams and Metro Publishing Group, Inc., were tenants of a building located at 2900 North Market Street, St. Louis, Missouri 63106 (hereinafter, "the 63106 property") where they were engaged in the business of publishing a newspaper. The plaintiffs' lease was due to expire on December 19, 2019.

Defendant James W. Murphy is the Sheriff of the City of St. Louis, Missouri and is sued here in his official capacity only. Plaintiffs allege that during the period February 3, 2010 through April 5, 2010 Murphy "had a duty to notify plaintiffs" that

their personal property that was located at the 63106 property "was subject to ejectment." Murphy was also obligated "to accurately and legally post notice of execution of attachment and possession of premises" arising from a civil action concerning the 63106 property. However, Murphy "erroneously posted notice of execution" at 2900 *Market Street*, St. Louis, Missouri *63103*. The posting of the notice at the wrong address "denied plaintiffs due process, the right to timely vacate" the 63106 property, the right to "keep safe their property," and the right to "timely file a Motion to Quash execution." As a result, plaintiffs' personal property was destroyed "during the process of execution of possession supervised by" Murphy.

Plaintiffs initiated this action in a Missouri state court on February 5, 2015. After the case was removed pursuant to 28 U.S.C. § 1331, plaintiffs amended the complaint. In Count I of the second amended complaint, plaintiffs seek damages resulting from Murphy's "failure to lawfully post notice of execution" and "service of process." In Count II, plaintiffs assert a claim under 42 U.S.C. § 1983, alleging that Murphy "under color of state law, denied plaintiffs notice of eviction and ordered plaintiffs not to interfere with the ejectment and destruction of their property." In Count III, plaintiffs allege that defendants Michael Ernest Boyd and I.B. Property, LLC, acting under color of law, "engaged" Murphy to destroy plaintiffs' property in order to stop the publication of plaintiffs' newspaper, and that Boyd and I.B. Property violated plaintiffs' rights under the First Amendment and the Due Process Clause. Neither Boyd nor I.B. Property is identified in the second amended complaint. Further, the complaint does not describe any specific acts by Boyd or I.B. Property.

2

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

### Counts I and II

There are no allegations against Boyd in Counts I and II. Therefore, his motion to dismiss those counts will be granted.

In Count I, plaintiffs allege that they were injured by Murphy's actions that

were performed in his official capacity as Sheriff of the City. Missouri imposes a three-year statute of limitations on "[a]n action against a sheriff . . . upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty . . . ." Mo. Rev. Stat. § 516.130(1); *see Dilley v. Valentine*, 401 S.W.3d 544, 551–53 (Mo. Ct. App. 2013). The plaintiffs complain of official acts that Murphy performed in February through April 2010, nearly five years before plaintiffs brought suit. The claims against Murphy in Count I are thus time-barred and will be dismissed.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). The claim in Count II is brought against Murphy in his official capacity only. "Because a suit against a public employee in his or her official capacity is merely a suit against the public employer, the [second] amended complaint was required to state a claim for municipal liability." *Id.* (quotation marks, bracketing, and citation omitted). "A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right." *Id.* (citation omitted). "To establish a claim for custom liability," a plaintiff must plead:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.

4

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). "With respect to the first element, a single deviation from a written, official policy does not prove a conflicting custom." *Id.* at 828–29.

The plaintiffs do not allege that Murphy was involved in establishing any municipal policy that resulted in a deprivation of their constitutional rights. Indeed, plaintiffs do not allege that a municipal policy, custom or procedure was the cause of their injury. There is no allegation of the existence of an official city policy or custom of placing eviction notices on the wrong properties, not notifying tenants of the pendency of eviction proceedings, or refusing to permit tenants to secure their personal property prior to eviction. Rather, it is alleged that Murphy deviated from the city's official policies in the singular instance of evicting these plaintiffs. But a "singular deviation" does not establish an unconstitutional custom. *Id.*; *see also Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir. 1989) (holding that, in a case of allegedly faulty eviction proceedings, "a due process deprivation does not occur because of an unauthorized failure of state officials to follow established state procedures"). The second amended complaint suggests, at most, that Murphy was negligent in posting notice of the eviction at the wrong address. But negligence claims are not actionable under § 1983. *Daniels v.* Williams, 474 U.S. 327, 328 (1986) (the Due Process Clause "is simply not implicated by a negligent act of an aofficial causing unintended loss of or injury to life, liberty, or property.").

The court concludes that the second amended complaint fails to state a claim against Murphy under § 1983. Therefore, Count II will be dismissed.

**Count III**

In Count III, plaintiffs allege that I.B. Property violated plaintiffs' First

5

Amendment and due process rights. "Only state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quotation marks and citation omitted). There is no allegation that I.B. Property is a governmental entity. However, a "private party who willfully participates in joint activity with the State or its agents is considered a state actor." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). To maintain a § 1983 claim against I.B. Property, therefore, the second amended complaint must allege facts plausibly suggesting that I.B. Property acted in concert with Murphy. *See Carlson*, 552 F.3d at 651 (holding that to find "private parties liable as state actors, this court has required joint action or conspiracy with state authorities").

In the complaint, plaintiffs allege that I.B. Property "engaged" Murphy to evict them, but they do not allege any facts describing how this was done. There are no factual allegations that plausibly suggest that I.B. Property acted in concert with Murphy to deprive plaintiffs of their rights. A threadbare recital of an element of a cause of action is insufficient to sustain a § 1983 claim against a private entity. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (stating a plausible § 1983 "conspiracy claim" among state actors and non-state actors "requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators"). Further, "a private party's mere invocation of state legal procedures does not constitute state action." *Youngblood*, 266 F.3d at 855 (citation omitted).

The court concludes that Count III of the second amended complaint does not state a plausible § 1983 claim against I.B. Property. Therefore Count III will be dismissed as to that defendant only. Count III remains pending as to defendant

Boyd.

****

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [Docs. ##13, 16 and 24] are **granted**.

A separate order of partial dismissal will be entered.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 17th day of February, 2016.