UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| METRO PUBLISHING GROUP, INC. and | ) | |
|---|---|---|
| MICHAEL C. WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-1886-CEJ |
| | ) | |
| MICHAEL E. BOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Michael E. Boyd to dismiss Count III of plaintiffs' second amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Michael C. Williams has responded in opposition. Plaintiff Metro Publishing Group, Inc. has not responded to the motion, and the time permitted for doing so has expired.

### I. Background

According to the second amended complaint, plaintiffs were tenants of a building located at 2900 North Market Street, St. Louis, Missouri 63106 (hereinafter, "the 63106 property"), where they were engaged in the business of publishing a newspaper. The plaintiffs' lease was due to expire on December 19, 2019.

Former defendant James W. Murphy is the Sheriff of the City of St. Louis, Missouri. Plaintiffs allege that during the period from February 3, 2010, through April 5, 2010, Murphy "had a duty to notify plaintiffs" that their personal property that was located at the 63106 property "was subject to ejectment." Murphy was also obligated "to accurately and legally post notice of execution of attachment and

possession of premises" arising from a civil action concerning the 63106 property. However, Murphy "erroneously posted notice of execution" at *2900 Market Street*, St. Louis, Missouri *63103*. The posting of the notice at the wrong address "denied plaintiffs due process, the right to timely vacate" the 63106 property, the right to "keep safe their property," and the right to "timely file a Motion to Quash execution." As a result, plaintiffs' personal property was destroyed "during the process of execution of possession supervised by" Murphy.

Plaintiffs initiated this action in a Missouri state court on February 5, 2015, and later filed an amended complaint. On December 2, 2015, represented by counsel, plaintiffs filed the instant second amended complaint, adding I.B. Property, LLC and Michael E. Boyd as defendants. Boyd timely removed, pursuant to 28 U.S.C. § 1331.

The second amended complaint alleges three counts. All claims against Murphy and I.B. Property and Counts I and II against Boyd were dismissed on February 17, 2016. In Count III, plaintiffs allege that Boyd, acting under color of law, "engaged" Murphy to destroy plaintiffs' property in order to stop the publication of plaintiffs' newspaper, and that Boyd violated plaintiffs' rights under the First Amendment and the Due Process Clause. The second amended complaint does not describe any specific acts by Boyd.

## II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. Discussion

In Count III, plaintiffs allege that Boyd, acting under color of state law, violated plaintiffs' First Amendment and due process rights. "Only state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quotation marks and citation omitted). There is no allegation that Boyd is a governmental official or employee. However, a "private party who willfully participates in joint activity with the State or its agents is considered a state actor." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). To maintain a § 1983 claim against Boyd, therefore, the second amended complaint must allege

3

facts plausibly suggesting that Boyd acted in concert with Murphy. *See Carlson*, 552 F.3d at 651 (holding that to find "private parties liable as state actors, this court has required joint action or conspiracy with state authorities").

In the second amended complaint, plaintiffs allege that Boyd "engaged" Murphy to evict them, but they do not allege any facts describing how this was done. There are no factual allegations that plausibly suggest that Boyd acted in concert with Murphy to deprive plaintiffs of their rights. A threadbare recital of an element of a cause of action is insufficient to sustain a § 1983 claim against a private individual. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (stating a plausible § 1983 "conspiracy claim" among state actors and non-state actors "requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators"). Further, "a private party's mere invocation of state legal procedures does not constitute state action." *Youngblood*, 266 F.3d at 855 (citation omitted).

Plaintiff Williams' response in opposition to the motion does not alter that analysis. He raises several new contentions aimed at Boyd and other non-parties. But those allegations are irrelevant to whether the second amended complaint states a plausible claim for relief on the facts alleged therein. *See Iqbal*, 556 U.S. at 678–84. Williams also argues Boyd was a state employee, but without pointing to facts in the complaint to support that legal conclusion. *See Murray*, 595 F.3d at 870.

The Court concludes that Count III of the second amended complaint does not state a plausible § 1983 claim against Boyd. Therefore, the second amended complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Michael E. Boyd to dismiss [Doc. #41] is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **moot**.

A separate order of dismissal will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2016.